## Matter of Lummus Tech., LLC v Air Prods. & Chems., Inc.

2024 NY Slip Op 33189(U)

September 11, 2024

Supreme Court, New York County

Docket Number: Index No. 654365/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF LUMMUS
TECHNOLOGY, LLC

                                      Petitioner,

                         - v -

AIR PRODUCTS AND CHEMICALS, INC.,

                                  Respondent.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654365/2024 |
| **MOTION DATE** | 08/26/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 23, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion for           PRELIMINARY INJUNCTION/RESTRAINING ORDER   .

      Upon reviewing the Petition filed by Petitioner Lummus Technology, LLC ("Lummus" or "Petitioner"), the Affidavit of Richard Jibb sworn to on August 21, 2024, the Emergency Affidavit of Richard Jibb sworn to on August 21, 2024, the Affirmation of Joseph Scholz dated August 19, 2024, and the Memorandum of Law dated August 23, 2024 in support of this application seeking temporary restraints and a preliminary injunction pursuant to CPLR 6301 and 7502(c) in aid of arbitration (collectively, the "Application"); and upon the letter submitted by Respondent Air Products and Chemicals, Inc. ("APCI" or "Respondent) on September 3, 2024 in opposition to the Application; and upon the arguments presented by counsel for both parties during hearings before the Court on September 4, 2024 and September 10, 2024; and upon further submissions by the parties in connection therewith (including proposed orders), and upon all pleadings and proceedings hereto and had herein; and it appearing to the Court that the matter is of sufficiently emergent nature to justify the entry of this Order; and it further appearing

654365/2024   IN THE MATTER OF THE APPLICATION OF LUMMUS TECHNOLOGY, LLC vs. AIR
PRODUCTS AND CHEMICALS, INC.
Motion No.  001

Page 1 of 4

to the Court that immediate and irreparable harm will likely result and that the award in arbitration to which Petitioner may be entitled may be rendered ineffectual without provisional relief, and upon good cause having been shown, and for the reasons stated on the record at the September 4 and 10 oral arguments;

**NOW, THEREFORE**, it is hereby

**ORDERED AND ADJUDGED** that Lummus's Petition (and motion by Order to Show Cause) for temporary restraints and a preliminary injunction is **GRANTED IN PART** as set forth below, and otherwise denied; it is further

**ORDERED** that APCI and all persons acting in cooperation or concert with it, including all affiliates or subsidiaries, are immediately restrained and enjoined from transferring or disclosing any Confidential Information, as that term is defined in the Technology Development and Commercialization Agreement (NYSCEF 5, the "Agreement" or "TDCA"), belonging to Lummus to  Honeywell International, Inc. or any person or entity acting in cooperation or concert with it, including its subsidiaries, affiliates or divisions, including its subsidiary Honeywell UOP (collectively "Honeywell"); it is further

**ORDERED** that:

1.      APCI shall expressly exclude Lummus Confidential Information from the pending transaction between APCI and Honeywell (the "Transaction");

2.      APCI shall take specific and deliberate steps necessary to prevent the transfer of any Lummus Confidential Information to Honeywell as part of the Transaction.  These steps apply both to documentation (electronic and otherwise) being transferred to Honeywell, and to personnel who will be joining Honeywell upon the closing of the Transaction;

**654365/2024   IN THE MATTER OF THE APPLICATION OF LUMMUS TECHNOLOGY, LLC vs. AIR PRODUCTS AND CHEMICALS, INC.**
**Motion No.  001**

**Page 2 of 4**

2 of 4

3.      APCI shall ensure that all employees who are transferring to Honeywell as part of the Transaction and had any potential exposure to Lummus Confidential Information will separate all documents (electronic and otherwise) and emails containing, or potentially containing, Lummus Confidential Information from the rest of their files, and APCI shall collect and retain all such segregated information;

4.      APCI employees who are transferring to Honeywell as part of the Transaction are prohibited from taking any Lummus Confidential Information with them to Honeywell;

5.      APCI employees who are transferring to Honeywell as part of the transaction are prohibited from disclosing any Lummus Confidential Information to Honeywell;

6.      APCI shall instruct each APCI employee transferring to Honeywell who has had any potential exposure to Lummus Confidential Information to move all files potentially containing Lummus Confidential Information to a single folder and ensure that such files have been permanently deleted from their original location.  These files shall include, but are not limited to, all emails containing a Lummus email address; all files accessed from specified share drives used to store Lummus-related information; all files in which any of a specified list of Lummus-related terms occur, including the word Lummus itself; all calculations, simulations or data generated from or containing process specifications received from Lummus (including cost estimates and scheduling information); all drafts or copies of the Memorandum of Understanding between Air Products and Lummus; and all drafts or copies of the TDCA.  APCI shall instruct employees to err on the side of caution and be over-inclusive when segregating documents potentially containing Lummus Confidential Information;

7.      APCI shall require employees transferring to Honeywell to certify in writing that they have abided by the Lummus Confidential Information data segregation protocols described

**654365/2024   IN THE MATTER OF THE APPLICATION OF LUMMUS TECHNOLOGY, LLC vs. AIR PRODUCTS AND CHEMICALS, INC.**                                                                        **Page 3 of 4**
**Motion No.  001**

3 of 4

herein and will not retain any Lummus Confidential Information, or transfer or disclose the same to Honeywell; and

8.  For the avoidance of doubt, the proposed license of APCI Developed Technology, as defined in the TDCA, to Honeywell as part of the Transaction shall not result in the transfer or disclosure to Honeywell of any Lummus Confidential Information in violation of this Order. The Court expresses no opinion at this time as to whether such license (or any other aspect of the Transaction not within the scope of this Order) is otherwise permitted under the TDCA; and it is further

**ORDERED** that the parties file the transcripts of the September 4 and September 10, 2024, conferences on NYSCEF upon receipt.

This constitutes the Decision and Order of the Court. The Clerk is direct to mark this Special Proceeding disposed.

20240911165312JMC0HENB42A60A0B2A24BF4AAF565548E851D14

| 9/11/2024 | | | | | | JOEL M. COHEN, J.S.C. |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

**654365/2024  IN THE MATTER OF THE APPLICATION OF LUMMUS TECHNOLOGY, LLC vs. AIR PRODUCTS AND CHEMICALS, INC.**
Motion No.  001

Page 4 of 4